Filed 3/10/21  P. v. Kehrer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076691 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039354) |
| v. | |
| JAMES STEVEN KEHRER, | |
| Defendant and Appellant. | |

Defendant James Steven Kehrer pleaded no contest to arson of an inhabited structure.  (Pen. Code, § 451, subd. (b).)[1]  The trial court sentenced him to five  years in state prison.  On appeal, he contends the trial court erred by denying his application for a grant of probation.

We affirm.

---

[1]  Undesignated statutory references are to the Penal Code at the time of the charged offense.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Shortly before midnight on February 5, 2013, police officers responded to a report of arson at a residence where defendant and six others resided. It appeared to the fire chief that the fire had been intentionally set. Defendant confirmed that he had set the mattress in his bedroom on fire and stated that he did so to harm himself. Defendant appeared dirty and unkempt, but did not smell of alcoholic beverages.

Another resident told the investigating police officer that defendant had been standing outside of his own locked screen door when fire fighters responded to the scene. Fire fighters entered defendant's unit (a garage conversion) and found his mattress smoldering. Six other residents were home at the time of the fire. The entire residence sustained extensive smoke damage and the side where defendant lived had significant smoke and heat damage, requiring replacement of paint and drywall, as well as electrical repairs. The total damage amount was estimated to be several thousand dollars.

Defendant was subsequently charged with arson of an inhabited structure. On December 4, 2013, the trial court suspended criminal proceedings pursuant to section 1368, and appointed a doctor to conduct a psychiatric evaluation. Thereafter, the trial court reviewed the evaluation, found defendant competent to stand trial, and reinstated criminal proceedings on January 8, 2014.

Defendant ultimately pleaded no contest to arson of an inhabited structure. In exchange for his plea, an unrelated case involving a charge of unauthorized lodging (§ 647, subd. (e)), was dismissed with a *Harvey*[2] waiver.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

Prior to sentencing, the trial court ordered preparation of a psychiatric evaluation pursuant to section 457.[3] The examination was performed by Dr. Craig West. West noted that defendant was then 62 years old, had a long employment history but had not worked since 2000, reported a family history of substance abuse and suicide attempts, and reported moderate substance abuse during his childhood. Defendant's mental health history revealed multiple hospitalizations and several suicide attempts--the first dating back to age 40. West found defendant's judgment to be "moderately to markedly impaired" and identified aggression or other problematic behaviors, along with depression, anxiety, and obsessive thoughts. He believed defendant was at a low to moderate risk (17 to 31 percent) to commit a future violent offense, was at a moderate risk (52 percent) of violence toward himself, and was at a moderate to high risk for a suicide attempt. There was also a risk that defendant might inadvertently place others at risk by way of self-harm. West concluded that defendant "would be a fair candidate for succeeding in the community or entering treatment program" and that defendant's profile is "indicative of an individual who would likely benefit from psychotropic medication for a mood disorder."

The probation officer reported that, in addition to being presumptively ineligible for probation due to the nature of his current conviction, defendant had two prior felony convictions, one for resisting arrest under section 69 and the other for brandishing a weapon at a police officer. Thus, he was statutorily ineligible for probation except in an unusual case. (§ 1203, subd. (e)(4).) In addition to his two prior felony convictions, defendant had gathered five misdemeanor convictions since May 2005. And defendant had violated previous grants of probation by committing new offenses, including the

---

[3] Section 457 provides: "Upon conviction of any person for a violation of any provision of this chapter, the court may order that such person, for the purpose of sentencing, submit to a psychiatric or psychological examination."

current offense--which was committed while on probation. The probation officer recommended incarceration.

The trial court expressly stated that it had reviewed the unusual case criteria set forth in California Rules of Court, rule 4.413,[4] and did not find defendant's case met any of the criteria therein. The trial court also found that, even if defendant were not statutorily ineligible for probation, it would deny probation because of the following reasons: the nature, seriousness, and circumstances of this case; defendant's prior criminal record, which indicted a pattern of regular and increasingly serious criminal conduct; and defendant's prior performance on probation, which was unsuccessful.

The trial court then selected the midterm of five years for defendant's sentence. In so selecting, the trial court noted that defendant's prior convictions as an adult are numerous and of increasing seriousness, that he was on probation at the time he committed this offense, and that his prior performance on probation was unsatisfactory. In mitigation, the trial court noted that there was an early admission of guilt, and that defendant's mental conditions were likely contributing factors.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying him probation. He contends the circumstances surrounding his crime were unusual so as to overcome the presumption that he was ineligible for probation. He also contends the trial court did not recognize the extent of its discretion to award him probation. We disagree with both contentions.

Defendant was presumptively ineligible for probation for two separate reasons: (1) he was convicted of arson of an inhabited structure under section 451, subdivision (b), which is a serious felony listed in section 1203, subdivision (e)(9), thereby rendering him

---

[4] Further undesignated rule references are to the California Rules of Court in effect at the time of the charged offense.

4

presumptively ineligible for probation; and (2) he has two prior felony convictions, rendering him presumptively ineligible for probation under section 1203, subdivision (e)(4). Accordingly, defendant was ineligible for probation except in an unusual case where the interests of justice would be best served by granting probation. (§ 1203, subd. (e)(4).) The trial court expressly found that none of the criteria for finding this to be an unusual case were present here. We find no error.

"A denial of a grant of probation generally rests within the broad discretion of the trial court and should not and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner. [Citation.]" (*People v. Edwards* (1976) 18 Cal.3d 796, 807.) The same abuse of discretion standard applies to our review of the trial court's determination of whether a case is unusual, overcoming the presumption of probation ineligibility. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 (*Du*).) Indeed, " '[T]he trial court *may but is not required* to find the case unusual if the relevant criterion is met under each of the subdivisions.' " (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 (*Stuart*), italics added.) "The trial judge's discretion in determining whether to grant probation is broad. [Citation] '[A] " ' decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " ' " [Citation] " '[T]hese precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " [Citation] Generally, " ' " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citations.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " ' " (*Id.*, at p. 179.)

Where the "defendant comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would be best served,' " the trial court must first apply the criteria in rule 4.413(c)(1) and (c)(2) to determine whether the statutory presumption against probation is overcome. (Rule 4.413(b); see also *Du*, *supra*, 5 Cal.App.4th at p. 830.)

Rule 4.413(c) sets forth factors overcoming the presumption of probation ineligibility. Rule 4.413(c)(1) sets forth "[f]actors relating to basis for limitation on probation and includes: [¶] (A) The fact or circumstance giving rise to the limitation on probation is, in this case, *substantially less serious than the circumstances typically present in other cases* involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and [¶] (B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, *and the defendant has been free from incarceration and serious violation of the law for a substantial time* before the current offense." (Rule 4.413(c)(1), italics added, bold omitted.)

Rule 4.413(c)(2) refers to "[f]actors limiting defendant's culpability. (Rule 4.413(c)(2)) and includes: [¶] (A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence; [¶] (B) The crime was committed because of a mental condition not amounting to a defense, and there is a *high likelihood* that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and [¶] (C) The defendant is youthful or *aged, and has no significant record of prior criminal offenses*." (Rule 4.413(c)(2), italics added, bold omitted.)

Rule 4.413(c) is to be read narrowly. (*Stuart*, *supra*, 156 Cal.App.4th at p. 178.) Moreover, even if a fact listed in rule 4.413(c) exists, this does not necessarily show that the case is unusual; the trial court may find it so, but need not. (*Stuart*, at p. 178.) If a

6

trial court determines the presumption against probation has been overcome, then the court evaluates whether to grant probation under rule 4.414, which lists criteria affecting probation suitability. (*Stuart*, at p. 178; *Du*, *supra*, 5 Cal.App.4th at p. 830.)

Defendant contends his arson is substantially less serious than the circumstances typically present in other arson cases. (Rule 4.413(c)(1)(A).) To the contrary, his crime could be found *more*, not less, serious than a typical arson of an inhabited structure.

Arson of an inhabited structure does not require that residents be home at the time of the fire. A residence is inhabited, even if vacant, if the residents intend to return. (*People v. Jones* (1988) 199 Cal.App.3d 543, 548.) Here, regardless of whether defendant's focus was to harm himself, rather than others, *six* other residents were in the structure at the time defendant lit the fire. Defendant lit the fire shortly before midnight-- which is when one would expect residents to be home *and asleep*--putting them at an even greater risk. Additionally, although the fire department responded promptly and not much of the structure was burned, the entire residence sustained extensive smoke damage and the side where defendant lived had significant smoke and heat damage from the fire, resulting in thousands of dollars in damages. Thus, it was not error for the trial court to determine defendant's crime was not substantially less serious that the typical arson of an inhabited structure.

Also contrary to defendant's contention, the evidence did not establish that his crime was committed because of a mental condition not amounting to a defense *and* that there is a *high likelihood* that he would respond favorably to mental health care and treatment that would be required as a condition of probation. (Rule 4.413(c)(2)(B).) Defendant argues that he has a history of suicide attempts and that he committed the crime because of his suicidal depressive mental state.[5] He then emphasizes portions of

---

[5] Defendant actually told both West and the probation officer that the fire had been started inadvertently when his comforter got too close to a space heater.

7

West's report, which conclude that he would be "a fair candidate for succeeding in the community or entering a treatment program," and would likely benefit from psychotropic medication for a mood disorder. From these statements, he argues he meets the criteria in rule 4.413(c)(2)(B). To the contrary, the portions selected from West's report fall far short of establishing there is a "high likelihood" that he would respond favorably to mental health care and treatment. Defendant had received treatment in the past but had terminated it when he started drinking alcohol again, and he had repeatedly failed to comply with probationary terms in the past. Thus, West's conclusion that defendant was a "fair candidate" for entering into a treatment program did not require the trial court to find there was a high likelihood of success should mental health treatment be ordered as a condition of probation.

We also disagree that defendant falls within the unusual circumstances set forth in rule 4.413(c)(2)(C), "aged *and* no significant record of prior criminal offenses." (Italics added.) Even assuming, arguendo, that being 60 years of age is "aged," defendant had a significant record of prior criminal offenses. The probation officer's report reflects that defendant accrued two felony convictions, one for brandishing a weapon at a police officer, five misdemeanor convictions, and three violations of probation in the 10 years preceding his current felony conviction. And defendant was on probation at the time he committed the current offense. Thus, in sum, the trial court did not err in finding this case did not fall within the unusual case criteria set forth in rule 4.413.

Moreover, the trial court expressly found that, even if unusual circumstances *did* exist, it would not grant probation for several valid, reasons: The nature, seriousness, and circumstances of this case; defendant's prior criminal record, which indicted a pattern of regular and increasingly serious criminal conduct; and defendant's prior performance on probation, which was unsuccessful. (Rule 4.414.) Accordingly, the trial court acted well within its discretion in denying defendant probation. (*Stuart*, *supra*, 156 Cal.App.4th at

p. 178 [even if court determines presumption against probation is overcome, court still evaluates whether to grant probation under rule 4.414].)

In an inadequately developed argument using the facts generally relied upon in his argument that the criteria in rule 4.413(c)(2)(C) applied, defendant vaguely refers to a potential application of rule 4.408 permitting the trial court to consider his *life circumstances* as a basis for finding unusual circumstances in this case. Rule 4.408(a) provides, "The enumeration in these rules of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made. Any such additional criteria shall be stated on the record by the sentencing judge."

However, as we have noted, Rule 4.413, addressing presumptive ineligibility is not read expansively. (*Stuart*, *supra*, 156 Cal.App.4th at p. 178; *People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1226.) "Unusual cases" and "interests of justice" are narrowly construed and limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced. (*Stuart*, at p. 178; *Dorsey*, at p. 1229.)

Even assuming the trial court could properly consider defendant's *life circumstances* to overcome the presumption of ineligibility, defendant would not have been granted probation. As we have already highlighted, the trial court not only found defendant *ineligible* for probation--it also found him *unsuitable* for probation. The trial court expressly stated that it would not grant probation in this case even if it *had* found unusual circumstances and, therefore, any failure to consider additional criteria to find unusual circumstances did not result in prejudice. Moreover, in finding defendant unsuitable for probation, the trial court plainly did not believe defendant's life circumstances warranted probation.

Finally, we reject defendant's contention that the trial court was unaware of the extent of its discretion to place him on probation and did not properly consider his mental

9

condition in sentencing.  The trial court expressly stated it had reviewed the unusual case criteria set forth in rule 4.413 and did not find defendant's case met any of the criteria therein.  The probation officer's report, which the trial court also expressly stated it had read and considered, also discussed the applicability of the rule 4.413 criteria to the instant case.  The trial court then considered whether defendant was otherwise suitable for probation under rule 4.414 and concluded he was not.  The trial court's express findings reflect that it was fully aware of the extent of its discretion and found probation inappropriate.  Defendant's argument that the trial court did not consider West's report or his mental state is belied by the record.  The trial court ordered West's report under section 457 and after it was completed, expressly stated it read and considered the report. Indeed, the court found defendant's mental conditions a factor in mitigation in determining the appropriate prison sentence.

* * * * *

## DISPOSITION

The judgment is affirmed.


                                            /s/
                                    MURRAY, J.


We concur:


      /s/
ROBIE, Acting P. J.


      /s/
MAURO, J.